# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BARRY K. ALBAN,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-104**          (JCN: 2021013319)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

**FILED**
**October 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Barry K. Alban appeals the February 12, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia Division of Highways ("WVDOH") filed a response.[1] Mr. Alban did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Mr. Alban no additional permanent partial disability ("PPD") award above the previously granted 3% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 25, 2020, while employed by WVDOH, Mr. Alban was injured when he slipped on an icy road and fell backward. The claim administrator issued an order dated January 11, 2021, holding the claim compensable for lumbar and cervical sprains. On June 14, 2021, the claim administrator issued an order granting Mr. Alban a 3% PPD award based on a May 27, 2021, report by Chuan Fang Jin, M.D.[2]

Karl Boone, M.D., performed an independent medical evaluation ("IME") of Mr. Alban on August 25, 2022. Dr. Boone noted that Mr. Alban's compensable diagnoses were cervical sprain/strain, resolved; lumbar sprain/strain, complicated by mild to moderate lumbar disc herniations; and spondylosis. Using the American Medical Association's

---

[1] Mr. Alban is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. WVDOH is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

[2] Dr. Jin's report was not submitted into the record below.

1

*Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Boone opined that Mr. Alban had 9% whole person impairment ("WPI") for the lumbar spine. Based on West Virginia Code of State Rules § 85-20, ("Rule 20"), Dr. Boone classified Mr. Alban under Lumbar Category II of § 85-20-C, which has a range of 5-8%, so the 9% rating was adjusted to 8%, the maximum allowed. Dr. Boone did not recommend apportionment because Mr. Alban's preexisting degenerative conditions were asymptomatic prior to the compensable injury. Using Rule 20, Dr. Boone found that Mr. Alban fit within Cervical Category I, § 85-20-E, with 0% WPI for the cervical spine. Dr. Boone concluded that Mr. Alban had 8% total WPI attributable to the compensable injury.

On December 19, 2022, Jennifer Lultschik, M.D., performed an IME of Mr. Alban. Dr. Lultschik noted that Mr. Alban reported that he had occasional right-sided low back pain and stiffness that occurs 3-4 days per month; and that on the majority of the days, he is active and can run 40 minutes on the treadmill at the gym. Dr. Lultschik found that Mr. Alban was at maximum medical improvement for the compensable injury. Using *Guides* and Rule 20, Dr. Lultschik found no loss of motion in the cervical or lumbar spine. Thus, she found 0% WPI for the cervical spine and 0% WPI for the lumbar spine. Dr. Lultschik noted no significant clinical findings, no asymmetrical range of motion deficits, no observed muscle guarding or spasm, no neurological impairment, and no documented alteration of structural integrity or other indication related to injury or disease. Dr. Lultschik opined that Mr. Alban's mild, intermittent low back pain and stiffness are related to preexisting degenerative disease and chronic lumbar spondylosis, not the compensable injury. Dr. Lultschik opined that since Mr. Alban had received a prior 3% PPD award, no further award was necessary.

The claim administrator issued an order on January 18, 2023, granting Mr. Alban 0% additional permanent partial disability award based on Dr. Lultschik's report. Mr. Alban protested this order. On February 12, 2024, the Board affirmed the claim administrator's order granting Mr. Alban no additional PPD award above the previously granted 3% PPD award. The Board found that Mr. Alban has no more than 3% WPI related to his compensable injury. Mr. Alban now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __ S.E.2d __ (2024).

Mr. Alban argues that Dr. Boone's report should have been considered more reliable because he found consistently measurable range of motion deficits, while Dr. Lultschik did not. Further, Dr. Lultschik incorrectly found that all of his symptoms were attributable to his preexisting degenerative condition when he had no such symptoms prior to the compensable injury. Finally, Mr. Alban argues that "the fact that [he] has focused on his physical health subsequent to his work injury and he has managed to find ways to work around his frequent back pain, should not be used to deny him an impairment rating consistent with his compensable work injury."[3] We disagree.

Here, the Board found that Mr. Alban failed to establish that he has more than 3% impairment related to his compensable injury. The Board further found that Dr. Lultschik's report was more persuasive than Dr. Boone's report because Dr. Lultschik's examination revealed that Mr. Alban had normal lumbar range of motion and he told Dr. Lultschik that he had only occasional low back pain and stiffness.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Alban failed to establish by a preponderance of the evidence that he has more than 3% impairment. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order granting Mr. Alban no additional PPD award above the previously granted 3% PPD award.

---

[3] Mr. Alban also argues that the Board should have done an analysis under *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022). However, the presumption under *Moore* does not apply to PPD determinations.

3

Accordingly, we affirm the Board's February 12, 2024, order.

Affirmed.

**ISSUED:**  October 1, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating